JOHNSON, J.
,, - „ ,, FrOlTl the grounds OI Ü11S mOllOH, it appears that the plaintiff declared in assumpsit, “that consideration the plaintiff would oversee the hands Gf the defendant on his plantation, he would give the piamtiit one eighth part of the produce raised. To which was added a general count for work and la-UUUI.»
From the Judge’s notes of the evidence, it may be co“ecledj that the plaintiff entered upon the business his employment at the commencement of the year, continued until the month of May, when he was dismissed by the defendant. The proof of the contract consisted of the declarations of the defendant: to one witness (John W. Bowget) he said generally, that he was to give plaintiff one eighth of the crop, *385 find tlxe complaints which he made to this witness against the plaintiff were, that he had refused to suffer the hands under his direction, to put up a well-sweep, and had forbidden another to milk the cows, and generally, that he did not do his duty as he ought. To another witness (Janies Herndon) he said at another time, that plaintiff was to worlí as a hand in the crop ; another witness (John Jones) who lived near, said that he had always seen plaintiff attending to his business, and had twice seen him ploughing; but two other witnesses, called by the defendant, who had an equal or better opportunity of knowing, testified that plaintiff did not habitually work with the hands.— When the defendant dismissed the plaintiff, he proposed to pay him for the time he had been employed, and the plaintiff declined accepting it, saying he would have the whole year’s wages or none.
Assuming that it was proved as a part of the contract, that the plaintiff was to work as a hand in the crop, in addition to overseeing the defendant’s hands, the grounds of this motion raise the question, whether theplaintiff was not bound to alledge that fact in the declaration, and to prove that he had performed that service.
This position is unqestionably correct as an abstract proposition. It is precisely the case of Brooks v. Lowrie (1 Nott & M’Cord, 342) where the rule laid down is, “that the whole of the consideration of a contract must be stated, and if any part of án entire consideration, or of a consideration consisting of several things be omitted, the plaintiff will fail on the ground of variance.” But it does appear to me, that the question of fact, whether the plaintiff was or was not bound to labour as a hand, was fairly open for the .consideration of the jury. It is true, that a party’s declarations must be taken altogether, but it does not follow that every part is entitled to the same credit; and when, as in this case, he has, on one occasion, stated one consideration only, and on another occasion, added another, the jury were competent to determine between them.
*386 The plaintiff’s counsel conceding for the sake of the argument, that the variance between the special contract stated in the declaration and that proved, was such, that the plaintiff was not entitled to recover, contends, that the defendant having dismissed the plaintiff from his service, put an end to that contract, and that the plaintiff had a right to recover on the count for work and labour.
The rule laid down in Weston v. Downs (Doug. 23) is, that when a special contract is still open, the plaintiff cannot proceed upon the general counts, but must declare upon the special contract. The same rule is adopted in Hulle v. Heightman, (2 East. 145.) But when the contract is at an end, the plaintiff may recover on the general counts. In Towers v. Barret (1 Term. Rep. 136) this distinction is very clearly stated by Judge Buffer. That was an action for money had and received. The plaintiff had paid the defendant ten guineas for a horse and chair, on an agreement that they should be returned if the plaintiff’s wife did not approve it. They were returned, but the defendant refused to receive them. In distinguishing between contracts that were open, and those that were at an end, Judge Buffer says, in reference to this state of facts, that where, as in that case, “the contract was rescinded by the original terms of the contract, and nothing remained to be done by the defendant, or by the subsequent assent of the defendant, there an action for money had and received would lie.
The defendant, by dismissing the plaintiff from his service, put it out of the power of the plaintiff further to perform Ms part of the agreement, and by that means put an end to the original agreement. There was nothing left for either to perform, and the defendant will not be permitted to say that it was stiff open. The plaintiff had therefore the right to elect, whether he would proceed on the original contract for the whole year’s wages, or to consider it at an end, and proceed on a quantum valebat for work and labour-, and in either case, the defendant might avail himself of any neglect or omission of dutv, on the part of the plaintiff.
Graham & Ervin, for the motion.
Dargan, contra.
It does not appear, either from the brief or the report, what rule the jury have adopted, but the Judge who tried the cause, thinks justice has been done between the parties. ' _
The motion is therefore dismissed.
O’Neall & Harper, Js. concurred.